The Sentence Review Board wishes to thank Ronald Gaines for representing himself in this matter.

**FROM: The District Court of the 4th Judicial District.**
**County of Missoula.**

STATE OF MONTANA,

Plaintiff,                                    NO. 11068

vs.                                          DECISION

John David Gardenier,

Defendant.

On September 27, 1994, the defendant was sentenced to a term of twenty (20) years in the Montana State Prison for the offense of Count I: Sexual Assault, a Felony. Said sentence shall run consecutively to the sentence imposed in Dawson County. Prior to becoming eligible for parole, the defendant must enter and complete the sex offender and anger management programs at the Montana State Prison. If the defendant is placed on the high side of prison, he should be allowed to be transported to and from counseling. It is the recommendation of the court that as a condition of any parole or probation, the defendant shall continue out-patient sex offender therapy and the defendant shall be monitored. If any difficulties arise in controlling his sexual deviate behavior, the defendant shall be placed on house arrest and medications administered, namely: Depopavera, or his parole or probation shall be revoked. It is further ordered that the defendant shall register as a sexual offender, pursuant to Section 46-23-504 and 46-23-505, M.C.A., with the Department of Institutions, Chief of Police, and Sheriff of the County wherein he resides for a period of ten (10) years following his release from custody. The defendant shall further notify any law enforcement agency with whom he was last registered of any change in address as further set forth under the law and register with the Department of Institutions, Chief of Police and Sheriff if he should change his address during this ten (10) year period. Defendant shall be designated a dangerous offender for the purposes of parole. Defendant shall receive credit for time served at Missoula County Jail from March 28, 1994, through date of sentencing, September 27, 1994, in the amount of one hundred eighty-four (184) days.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is

presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

**Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank John Gardenier for representing himself in this matter.